IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

FREDERICK PRITCHETT                                                                    PLAINTIFF

v.                                                         CIVIL ACTION NO. 4:12-cv-162-CWR-FKB

LAUDERDALE COUNTY DETENTION FACILITY                                      DEFENDANT

MEMORANDUM OPINION

Plaintiff, an inmate of the Lauderdale County Detention Facility, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983. On November 5, 2012, an Order [ECF No. 8] was entered directing Plaintiff to file a written response to provide specific information regarding his claims, on or before November 26, 2012. Plaintiff was warned that his failure to keep this Court informed of his current address or his failure to timely comply with any Order of this Court will result in the dismissal of this case without further notice. Plaintiff has failed to comply with this Order.

On January 2, 2013, an Order [ECF No. 11] was entered directing the Plaintiff to show cause, on or before January 17, 2013, why this case should not be dismissed for his failure to comply with the Court's November 5, 2012 Order. In addition, Plaintiff was directed to comply with the Court's Order by filing his response, on or before January 17, 2013. The Show Cause Order warned Plaintiff that failure to keep this Court informed of his current address or failure to timely comply with the requirements of the Order would lead to the dismissal of his Complaint, without further notice. On January 18, 2013, the envelope [ECF No. 12] containing the January 2, 2013 Order to Show Cause was returned by the postal service with the notation "return to sender - attempted not known - unable to forward." Plaintiff has failed to comply with this Order.

Since Plaintiff is incarcerated and proceeding *pro se*, he was provided one final opportunity

to comply with the Court's Orders prior to the summary dismissal of this case. On February 4, 2013, a Final Order to Show Cause [ECF No. 13] was entered in this case. Plaintiff was directed to show cause, on or before February 19, 2013, why this case should not be dismissed for his failure to comply with the Court's Orders of November 5, 2012, and January 2, 2013. In addition, Plaintiff was directed to comply with the previous Orders by filing his response, on or before February 19, 2013. The Final Order to Show Cause warned Plaintiff that failure to keep this Court informed of his current address or failure to timely comply with the requirements of the Order would lead to the dismissal of his Complaint, without further notice. On February 26, 2013, the envelope [ECF No. 14] containing the Final Order to Show Cause was returned by the postal service with the notation "return to sender - unable to forward." Plaintiff has not complied with three Court Orders and he has not kept the Court informed of his current address.

Plaintiff has not contacted this Court since November of 2012. This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See generally, Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

Plaintiff has failed to comply with three court orders and he has not kept the Court informed of his current address. As the record demonstrates, lesser sanctions than dismissal have not

prompted "diligent prosecution" but instead such efforts have proven futile. *See Tello v. Comm'r.*, 410 F.3d 743, 744 (5th Cir. 2005). Therefore, the Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper. *See Rice v. Doe*, No. 08-20381, 2009 WL 46882, at *1 (5th Cir. Jan. 8, 2009)(affirming dismissal based on inmate's failure to comply with a court order). Since the Defendant has not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, Ltd. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

This the 6th day of March, 2013.

s/Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE
